Johnson, J.
delivered the opinion of the Court.
The case of Sims et al, creditors of Rochelle, v. Campbell and Chambers, 1 McC. Ch. Rep. 52, is decisive of this. There the word “ satisfied” had been indorsed on the execution, and the defendants were let into proof that it was done by mistake. That too was in a contest involving priority of lien between creditors; and surely it is admissible as between the original parties. (2 Phil. Ev. 226.) It is true that was a case in the Court of Chancery, but I apprehend that where, by the rules of law, such evidence is not excluded, the rule in the two Courts is the same.
It would seem from the very concise report from the Circuit Court, that the ojfinion there turned upon the want of jurisdiction in the Court, and that the plaintiff could only be relieved in Chancery. Accidents and mistakes certainly constitute one branch of equity jurisdiction; but it is not peculiar, except when a discovery is indispensable, or the nature of the relief such as to require the extraordinary aid of Chancery. Actions at law to recover back money paid by mistake, constitute, in all the books of practice, a conspicuous class of causes, for which the action of assumpsit may be maintained at law; and there is no question that, in general, when the facts can be proved according to the rules of the Common Law, and the remedy is such as a Court of Law can administer, consistently, with the prescribed modes of proceeding, mistakes may be inquired into in a Court of Law.
In the case under consideration, the plaintiff sued out a sci. fa. to revive a judgment against the defendant, and as evidence of payment, the defendant produces an execution, on which is indorsed the word “ satisfiedthe plaintiff replies it was so indorsed by mistake. There is nothing magical in the term itself. The evidence offered, was admissible according to the rules of the Common Law, the relief was such as a Court of Common Law was competent to give, and the Court, therefore, clearly had jurisdiction.
Motion granted.